# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ESAN DAVID IDOWU,  :  <br>     Petitioner          : <br>                                   : <br> v.                            : <br>                                   : <br> CLAIR DOLL,           : <br>     Respondent      : | No. 1:19-cv-2186 <br><br> (Judge Kane) |

## MEMORANDUM

On December 20, 2019, pro se Petitioner Esan David Idowu ("Petitioner"),[1] who is currently confined at the York County Prison, initiated the above-captioned action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the constitutionality of his detention by the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) Following an Order to show cause (Doc. No. 9), Respondent filed a response, contending that Petitioner's detention is lawful (Doc. No. 15). Petitioner filed a motion seeking release from detention on March 13, 2020. (Doc. No. 16.) Petitioner filed another motion seeking release on March 24, 2020. (Doc. No. 17.) Upon review of Petitioner's second motion, the Court concludes that it is identical to the first nine (9) pages of Petitioner's first motion. The Court will deem Petitioner's motions (Doc. Nos. 16, 17) to be his traverse because they respond to arguments raised in Respondents' response. Accordingly, Petitioner's § 2241 petition is ripe for disposition.

## I. BACKGROUND

Petitioner is a citizen and native of Nigeria who entered the United States on April 17, 2014, as a visitor permitted to remain until October 16, 2014. (Doc. No. 15-1 at 3-4.) Petitioner

---

[1] Respondent indicates that Petitioner's correct name is David Idowu Esan. (Doc. No. 15 at 1 n.1.) Petitioner, however, refers to himself as Esan David Idowu. (Doc. No. 1 at 1.)

failed to leave the United States by that date. (Id. at 4.) At some point, Petitioner applied to adjust his status based on his marriage to an American citizen. (Id.) However, on November 14, 2018, his wife withdrew that petition on his behalf, resulting in the denial of Petitioner's application. (Id.)

On November 20, 2018, DHS arrested Petitioner at his residence for being a "non-immigrant visa overstay." (Id.) That same day, ICE issued a Notice to Appear, charging Petitioner with being removable pursuant to § 237(a)(1)(B) of the Immigration and Nationality Act ("INA") because he had remained in the United States "for a time longer than permitted." (Id. at 5.) Petitioner was ordered detained, and he requested that an immigration judge review that custody determination. (Id. at 7.)

On December 12, 2018, an immigration judge directed that Petitioner be released from custody under a bond of $20,000.00. (Id. at 9.) Subsequently, DHS filed a motion for bond redetermination, requesting that the immigration judge revoke the imposed bond and detain Petitioner. (Id. at 10-11.) DHS noted that after Petitioner's wife had withdrawn her petition on his behalf, Petitioner had applied for readjustment of status as a battered spouse. (Id. at 10.) DHS argued, however, that Petitioner was not eligible for such relief because Nigeria had "confirmed that the divorce decree that [Petitioner] submitted as evidence of the termination of his prior marriage . . . is not genuine." (Id.) According to DHS, Petitioner's marriage to his American wife was, therefore, invalid for immigration purposes and he could not receive relief as a battered spouse. (Id. at 11.) DHS argued further that Petitioner was a "danger to the community given his arrest for Indecent Assault on August 19, 2015 and Luring a Child into a Motor Vehicle or Structure and Corruption of a Minor on August 18, 2018." (Id.) On February 6, 2019, an immigration judge revoked the earlier order granting Petitioner bond. (Id. at 13.)

2

However, on April 17, 2019, an immigration judge ordered Petitioner released from custody pursuant to a $45,000.00 bond. (Id. at 14.) Petitioner did not post this bond and, therefore, was not released. (Doc. No. 15 at 4 n.3.)

On May 17, 2019, an immigration judge denied Petitioner's applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"), and ordered him removed to Nigeria. (Doc. No. 15-1 at 15-29.) Petitioner appealed to the Board of Immigration Appeals ("BIA"), and on July 30, 2019, the BIA granted Petitioner's request for an extension of the briefing schedule. (Id. at 30-32.) The BIA affirmed Petitioner's removal order on October 22, 2019. (Id. at 33-34.) On November 15, 2019, Petitioner filed a petition for review and a motion to stay removal with the United States Court of Appeals for the Third Circuit. See Esan v. Att'y Gen., No. 19-3655 (3d Cir.). That same day, the Third Circuit temporarily granted Petitioner's motion for a stay of removal in accordance with their August 5, 2015 standing order. See id. As of the date of this Memorandum and Order, Petitioner's motion for stay of removal and petition for review remain pending before the Third Circuit.

During the pendency of Petitioner's appeal of his removal order, DHS filed a motion to reconsider and revoke bond. (Doc. No. 15-1 at 35.) On July 16, 2019, an immigration judge concluded that a May 17, 2019 adverse credibility finding against Petitioner was a "material changed circumstance" and set the matter for a new bond hearing. (Id.) Following a hearing on August 19, 2019, an immigration judge revoked Petitioner's bond, noting that he was a flight risk. (Id. at 36-42.) Petitioner appealed that decision to the BIA. (Id. at 43.) On December 20, 2019, the BIA summarily dismissed Petitioner's appeal as untimely. (Id.) That same day, Petitioner filed the instant § 2241 petition. (Doc. No. 1.) In his § 2241 petition, Petitioner

3

requests that this Court review his custody status and order his release under supervision. (Id. at 1.)

## II.     LEGAL STANDARD

Under 8 U.S.C. § 2241(c), a prisoner or detainee may receive habeas relief only if he "is in custody in violation of the Constitution or laws or treaties of the United States." See 28 U.S.C. § 2241(c)(3); see also Maleng v. Cook, 490 U.S. 488, 490 (1989). Because Petitioner is currently detained within the jurisdiction of this Court and asserts that his continued detention violates due process, this Court has jurisdiction over his § 2241 petition. See Zadvydas v. Davis, 533 U.S. 678, 699 (2001); Spencer v. Kemna, 523 U.S. 1, 7 (1998).

## III.    DISCUSSION

Because his petition for review is pending before the Third Circuit, Petitioner's order of removal has not become administratively final and he is still considered to be in pre-removal detention. See 8 U.S.C. § 1231(a)(1)(B)(ii) (providing that the removal period begins, "[i]f the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, [on] the date of the court's final order"); see also Orozco Arroyo v. Doll, No. 4:19-cv-490, 2019 WL 6173753, at *4-5 (M.D. Pa. Oct. 10, 2019), report and recommendation adopted, 2019 WL 6130483 (M.D. Pa. Nov. 19, 2019) (noting that the Third Circuit's grant of a temporary stay of removal causes an immigration detainee to revert to pre-removal immigration detention status because the order of removal is not administratively final); Carlos A. v. Green, No. 18-741 (SDW), 2018 WL 3492150, at *2 n.1 (D.N.J. July 20, 2018); Chica-Iglesia v. Lowe, No. 1:18-cv-35, 2018 WL 1960438, at *1 (M.D. Pa. Apr. 25, 2018); Gekara v. Lowe, No. 3:17-cv-1693, 2018 WL 837599, at *2 (M.D. Pa. Feb. 12, 2018); Payano v. Lowe, No. 3:16-cv-2029, 2016 WL 6995433, at *2 (M.D. Pa. Nov. 30, 2016); cf. Leslie v. Att'y Gen., 678 F.3d 265, 270 (3d Cir.

4

2012) (noting that "[8 U.S.C.] § 1321 cannot explain nor authorize detention during a stay of removal pending further judicial review"), abrogated in part on other grounds by Jennings v. Rodriguez, 138 S. Ct. 830 (2018). Thus, "decisions concerning [Petitioner's] ongoing detention are at the discretion of the immigration judge." See Perez-Cobon v. Bowen, Civ. No. 17-1550, 2017 WL 6039733, at *2 (M.D. Pa. Dec. 6, 2017) (citing 8 U.S.C. § 1226(a)).

The Attorney General, through the DHS district director, has the authority to detain aliens during the pre-removal period. See 8 U.S.C. § 1226(a). Specifically, "an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." See id. The Attorney General is authorized to continue detention of the alien, release the alien on bond, or release the alien on conditional parole. See id. § 1226(a)(1)-(2). This discretionary judgment is not subject to review, and "[n]o court may set aside any action or decision by the Attorney General under [§ 1226] regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole." See id. § 1226(e).

If bond is denied and the alien is still in pre-removal detention, he or she may seek release by requesting a bond redetermination hearing before an immigration judge. See 8 C.F.R. §§ 236.1(d), 1003.19. Such a request "shall be considered only upon a showing that the alien's circumstances have changed materially since the prior bond redetermination." See id. § 1003.19(e). An alien may appeal the immigration judge's decision regarding the bond redetermination to the BIA. See id. § 236.1(d)(3). However, the BIA's decision to detain or release an arrested alien on bond is discretionary and not subject to judicial review. See 8 U.S.C. § 1226(e).

Respondent asserts that Petitioner failed to exhaust his administrative remedies as to the immigration judge's August 19, 2019 revocation of Petitioner's $45,000.00 bond. (Doc. No. 15

5

at 10-12.) Specifically, Respondent argues that Petitioner failed to appeal this decision to the BIA in a timely manner. (Id. at 11.) The Court finds that the record supports this contention.

The Third Circuit has provided guidance as to exhaustion of administrative remedies for bond hearings and redeterminations when an alien, such as Petitioner, is in discretionary detention pursuant to § 1226(a), rather than mandatory detention under § 1226(c). The Third Circuit has noted:

> Unlike the mandatory detention statute at issue in [Demore v.] Kim, [538 U.S. 510 (2003),] § 1226(a) provides for individualized detention determinations. Aliens detained pursuant to § 1226(c) may be released if they demonstrate they would not pose a danger to property or persons and they are likely to appear for any future proceedings. 8 C.F.R. § 236.1(c)(8). The alien may request a bond redetermination hearing before an [immigration judge]. 8 C.F.R. § 236.1(d)(1). An [immigration judge] may grant an alien's request for bond redetermination where the alien has shown that his "circumstances have changed materially since the prior bond redetermination." 8 C.F.R. § 1003.19(e). The alien may appeal the [immigration judge's] bond decision to the BIA. 8 C.F.R. § 236.1(d)(3).

Contant v. Holder, 352 F. App'x 692, 695 (3d Cir. 2009) (per curiam). Thus, discretionary detainees under § 1226(a) "have a whole set of administrative remedies that should be exhausted before a petition for [a] writ of habeas corpus would be necessary." See Modesto v. Lowe, No. 1:17-cv-02165, 2018 WL 1123706, at *3 (M.D. Pa. Feb. 26, 2018). The Third Circuit has noted that requiring exhaustion of administrative remedies for habeas petitions fosters important goals, including: "(1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." See Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 761-62 (3d Cir. 1996). "These very important purposes are frequently furthered by requiring aliens who receive a bond hearing before the immigration judge to exhaust their administrative remedies and raise any issues with the BIA prior to seeking federal habeas corpus relief."

Chajchic v. Rowley, No. 1:17-cv-457, 2017 WL 4401895, at *3 (M.D. Pa. July 25, 2017), report and recommendation adopted, 2017 WL 4387062 (Oct. 3, 2017).

In the instant case, Petitioner was required to appeal the immigration judge's August 19, 2019 decision to the BIA within thirty (30) days. (Doc. No. 15-1 at 43.) Petitioner, however, did not file his notice of appeal until October 23, 2019. (Id.) The BIA, therefore, summarily dismissed his appeal as untimely. (Id.) "[A]n alien's failure to timely appeal to the BIA . . . constitutes a failure to exhaust administrative remedies." Bejar v. Ashcroft, 324 F.3d 127, 132 (3d Cir. 2003); see also Coombs v. Napolitano, No. 12cv1417-AJB (NLS), 2012 WL 4449395, at *2 (S.D. Cal. Sept. 25, 2012) (noting that the district court had dismissed without prejudice the petitioner's prior § 2241 petition because he had failed to exhaust his administrative remedies by filing an untimely appeal of the immigration judge's bond determination to the BIA). In his traverse, Petitioner maintains that he filed a timely appeal to the BIA by submitting a Notice of Appeal on August 28, 2019. (Doc. No. 16 at 5.) He attaches what purports to be a Notice of Appeal to the BIA, dated August 28, 2019. (Id. at 11.) However, there is no evidence before the Court suggesting that Petitioner mailed that Notice of Appeal to the BIA. Moreover, there is no mention of the immigration judge's August 19, 2019 decision in the Notice of Appeal. The Court, therefore, concludes that Petitioner has failed to demonstrate that he properly exhausted his administrative remedies prior to filing his § 2241 petition.

Moreover, the record indicates that Petitioner's detention is not in violation of due process. In Contant, the Third Circuit addressed a similar habeas petition filed by a pre-removal alien subject to discretionary detention under § 1226(a).[2] In Contant, the petitioner had been

---

[2] Respondent cites Chajchic as the relevant case governing whether Petitioner was afforded due process during his bond hearing. (Doc. No. 15 at 12-14.) In Chajchic, Magistrate Judge Carlson noted that "[t]he scope of federal habeas corpus review of [the immigration judge's]

7

taken into custody by DHS and ordered detained without bond. See Contant, 352 F. App'x at 693. An immigration judge then conducted a redetermination hearing and again denied Contant bond. See id. Contant appealed, and the BIA affirmed the immigration judge's decision. See id. Contant subsequently filed a habeas petition, claiming that his indefinite detention without review violated his due process rights. See id. at 694. The Third Circuit, however, concluded that Contant's nineteen (19)-month pre-removal immigration detention was not "indefinite" in violation of due process because a decision on his removal appeared reasonably foreseeable and there was no indication that he could not be removed to his native country at the conclusion of removal proceedings. See id. at 695-96.

Here, as in Contant, Petitioner is being held in pre-removal detention pursuant to § 1226(a). He was afforded a bond hearing and had the ability to appeal the immigration judge's determination to the BIA. The immigration judge considered the relevant factors and determined that Petitioner was a flight risk "because he has minimal ties to the United States and no longer has any pending relief applications." (Doc. No. 15-1 at 41.) The immigration judge further

---

discretionary bond denial decision is narrowly circumscribed . . . and limited to three essential considerations." See Chajchic, 2017 WL 4401895, at *4. First, the Court must "assure [itself] that the decision of the Immigration Judge paid full fidelity to the law of the case, as prescribed by the prior rulings of the [C]ourt." See id. Second, the Court must ensure "that there has been no plain legal error by the Immigration Judge in identifying and applying the controlling legal precepts." See id. at *5. Finally, the Court must determine "whether the exercise of discretion in denying bond was so arbitrary that it would offend fundamental tenets of due process." See id.

The procedural history in Chajchic, however, renders Chajchic inapposite for purposes of the above-captioned case. Chajchic concerned a § 2241 petition challenging the immigration judge's discretionary bond determination "following an order [from this Court] remanding a case for individualized bond determination." Id. at *4. Here, however, this is Petitioner's first § 2241 petition before this Court. Accordingly, there is no "law of the case, as prescribed by the prior rulings of the [C]ourt," for this Court to take into consideration. See id. In any event, to the extent that Chajchic governs this Court's review, the Court concludes, for the reasons set forth infra, that the immigration judge made no plain legal error and that the denial of bond was not so arbitrary that it offends due process.

8

noted that Petitioner's "work history is sporadic" and that he was recently found "not to be credible." (Id.) Thus, the record indicates that Petitioner was afforded the review required by the applicable regulations and that his detention is not indefinite in violation of due process. Accordingly, the Court will deny Petitioner's § 2241 petition.

**IV.     CONCLUSION**

For the foregoing reasons, the Court will deem Petitioner's motions seeking release from detention (Doc. Nos. 16, 17) to be his traverse and will deny his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1).  An appropriate Order follows.